INSURANCE COMPANY OF NORTH AMERICA v. SARAH E. EVANS.

No. 12,558.    (68 Pac. 623.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT — *Review of Order Granting New Trial.* Where a motion for a new trial based upon several grounds is allowed, and it does not appear upon what ground the new trial was awarded, and a single erroneous ruling is found among those assigned in the motion, the supreme court, in order to sustain the ruling, will presume that the motion was allowed upon that ground.

2. ——— *Errors Waived.* Errors occurring during the trial, not brought to the attention of the trial court by a motion for a new trial, are deemed to be waived, and cannot be used in the supreme court as a ground for reversal.

3. INSURANCE — *Policy Covering Intoxicating Liquors.* A contract of insurance covering a stock of drugs, including some in-

toxicating liquors, which did not relate to the conduct of the business or the consequences of the use of the property, and was not entered into with a purpose to encourage acts in violation of law, is not rendered invalid by the fact that some illegal sales of intoxicating liquors were subsequently made.

Error from Jefferson district court; JOHN MARTIN, judge *pro tem.* Opinion filed April 5, 1902. Affirmed.

*Loomis, Blair & Scandrett*, and, *Ward & Hadley*, for plaintiff in error.

*Gilluly & Stanley*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Sarah E. Evans to recover $1500 from the Insurance Company of North America on a contract insuring a stock of drugs and other merchandise kept in McLouth, which was destroyed by fire. A trial resulted in a verdict in favor of the plaintiff for $30, and she promptly moved for a new trial upon several grounds —among them were irregularity in the proceedings of the court and abuse of discretion, accident and surprise, that the verdict was not sustained by the evidence and was contrary to law, newly-discovered evidence, error of law occurring at the trial, and error in the assessment of the amount of recovery. The motion was allowed and a new trial awarded. The insurance company complains of this ruling, but it is greatly hampered here by the fact that this court cannot ascertain the ground or basis for awarding a new trial; also, because of the discretion vested in the district court as to the granting of new trials, and by the further fact that appellate courts are slow to set aside orders which grant new trials wherein both parties

are afforded another opportunity to have a fair and impartial trial upon the merits.

There were many rulings upon the admission of testimony and in charging the jury, to which exceptions were taken, and there is considerable conflict in the testimony that was received. These and other rulings were included in the motion for a new trial, but upon what theory the motion was allowed does not appear, and if it can be sustained upon any of the grounds alleged in the motion this court is bound to uphold the ruling. As has been said, the trial courts have a large and extended discretion in the granting of new trials, and if it appears to such court that a party has not had a reasonably fair trial or received substantial justice, it is its duty to grant a new trial; and where the evidence is conflicting and a new trial is granted there is always room to infer that the verdict of the jury did not meet with the approval of the court.

"The supreme court will not reverse the order of the trial court granting a new trial unless the supreme court can see beyond all reasonable doubt that the trial court has manifestly and materially erred with respect to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made." (*City of Sedan v. Church*, 29 Kan. 190.)

Upon the question of reviewing orders of the district court granting new trials, we refer to the following cases: *Brown, Adm'r, v. A. T. & S. F. Rld. Co.*, 29 Kan. 186; *Murphy v. Hindman*, 37 id. 268, 15 Pac. 182; *McCreary, Sheriff, v. Hart*, 39 id. 216, 17 Pac. 839; *Barney v. Dudley*, 40 id. 247, 19 Pac. 550; *Sanders v. Wakefield*, 41 id. 11, 20 Pac. 518; *Betz v. Land Co.*, 46 id. 45, 26 Pac. 456; *Land Co. v. Lewis*, 53 id. 750, 37

Pac. 108; *Coal and Mining Co. v. Stoop*, 56 id. 426, 43 Pac. 766; *Ireton v. Ireton*, 62 id. 358, 63 Pac. 429.

The insurance company contends that the new trial was erroneously awarded because, under the terms of the policy, the action itself was prematurely brought, and, also, because other conditions of the policy were not complied with; but these were matters which arose during the trial, and "we have frequently held that all errors occurring during the trial, including supposed erroneous findings of the court or jury, are waived, and cannot be considered by this court unless a motion for a new trial, founded upon and including such supposed errors, has been made and overruled in the district court." (*Decker v. House*, 30 Kan. 614, 1 Pac. 584; *Buettinger v. Hurley*, 34 id. 585, 9 Pac. 197.) The company did not ask for a new trial nor bring these rulings of the trial court here so as to make them available as errors, and, hence, some of the questions strongly urged are not open for our consideration at this time. The main question in the case is, whether the court erred in granting the motion for a new trial, and if a single erroneous ruling is found among those assigned in the motion, this court will presume that the motion was allowed on that ground.

It appears that the court permitted evidence to be given and a defence to be made that Frank Evans and Louis Evans, sons of the plaintiff below, who had charge of the drug-store, had made illegal sales of intoxicating liquors. The contention is that the insurance of the stock encourages and promotes a violation of the law and is against public policy, and that the contract is therefore unenforceable. The property insured, as stated in the policy, was a "general stock of merchandise, consisting principally of drugs, chemicals, patent medicines, oils, paints, glass, wines, drug-

store sundries, liquors, and notions.'' The indemnity contracted for was on this stock, against loss by fire, and was not an indemnity relating to the conduct of the business or against the consequences of the way the property was used or the business conducted. Nothing in the terms of the contract indicates a purpose to violate the law or in any way encourage its violation. If the contract appeared to have been made with a view to protecting illegal sales, or of indemnifying the parties against fines or forfeitures because of illegal sales, there would be force in the contention; but there is an entire absence of any such provisions in the policy itself, and there is nothing to show that the insured entered into a contract of insurance to protect herself in illegal acts.

The present case cannot be likened to the insuring of an illegal traffic or of a business that directly and necessarily violates the law, such as policies on lotteries or marine insurance on unlawful voyages. The distinction is pointed out in *Armstrong v. Toler*, 11 Wheat. 271, 6. L. Ed. 468, which is to the effect that if the consideration is illegal, or if the direct purpose of the contract is to advance or encourage acts in violation of law, it is void, but if the contract to be enforced is collateral and independent, though to some extent connected with acts done in violation of law, the contract is not void.

The same idea is illustrated in *Ocean Insurance Co. v. Polleys*, 13 Pet. 157, 10 L. Ed. 105. *In Boardman v. Insurance Co.*, 8 Cush. 583, the validity of a policy of insurance on a building and contents consisting of leather and materials for the manufacturing of shoes was in question. Before the fire, a lottery was conducted in a room of the building, with the consent and participation of the assured. It was held that, as the

contract was made on a good consideration and to accomplish a lawful purchase, and was independent of the illegal transaction, the drawing of the lottery did not avoid the policy on the building or on the stock contained in it.

In *Niagara Ins. Co. v. DeGraff*, 12 Mich. 124, the policy included groceries ard other articles, among which were liquors, which the assured kept for sale contrary to law.   It was there held that, as the liquors constituted property, and the risks insured against were not the consequences of illegal acts, the insurance company had no concern with the use which the assured might make of the property, and the court said that "collateral contracts, into which no illegal design enters, are not affected by an illegal transaction with which they may remotely connect."

In Vermont there was a case similar to the one at bar, where a stock of drugs was insured, and the claim was made that the policy embraced liquors kept for sale contrary to law.   The supreme court of that state held :

"If the purpose of the contract had been to protect the assured in the sale of intoxicating liquors, it would have been null; but the greater part of the property insured consisted of goods, insurance upon which was subject to no objection.   The contract was legal upon its face, nothing appearing to show that the wines and liquors were intended for illegal sale, and it is a fact not needing proof that, in compounding medicines, liquors, especially wines and alcohol, are of daily use, and for that purpose their possession and use by druggists legitimate.   The assured was a dealer in drugs and medicines, and in that respect legitimately and presumably using liquors." (*Carrigan v. Lycoming Fire Ins. Co.*, 53 Vt. 418, 38 Am. Rep. 687.)

The case of *Erb v. Insurance Co.*, 98 Iowa, 606, 40 L. R. A. 845, 67 N. W. 583, involved the validity of a

policy of insurance on a stock of drugs which had been destroyed by fire. Among the articles insured were liquors, which it was claimed were sold in violation of the prohibitory liquor law of that state. The court held that the facts to render the policy invalid were wanting, and that "where a policy of insurance has been written on a stock of drugs and liquors, the use of a part of the property, that is susceptible of legitimate use, for an unlawful purpose, does not render the insurance void, as against public policy."

Under our constitution and statutes, liquor may be lawfully kept, and for some purposes it may be legally sold, and, being recognized as property, it constitutes a legitimate subject for insurance. Where the sale of liquors thus insured is merely incidental, and the policy does not provide against the use or sale of liquors, and the insurance is not effected with a purpose to advance and encourage acts in violation of law, as in this case, the validity of the policy is not affected by the fact that some illegal sales were subsequently made.

There was much testimony as to the sales of intoxicating liquors erroneously admitted and rulings in charging the jury upon the same subject, of which the plaintiff below had good cause to complain, and for this reason, if no other, the court rightly granted a new trial. The judgment of the district court will be affirmed.

CUNNINGHAM, POLLOCK, JJ., concurring.