Daniel Gr. Albert, J.
The plaintiff Robert J. Fischer was struck by a “ hit and run ’ ’ vehicle on the evening of March 22, 1970, and sustained personal injuries as a result. This declaratory judgment action0is brought to obtain a determination whether that plaintiff’s redress is as a “ qualified person ” (Insurance Law, § 601, subd. b) against the defendant Motor Vehicle Accident Indemnification Corporation [MVAIC] or as an 11 insured ’ ’ under an accident indemnification indorsement, more familiarly known as an uninsured motorist indorsement, to a policy of automobile liability insurance issued by the defendant ¿Etna Insurance Company (hereinafter referred to as ¿Etna).
The facts are virtually undisputed. On March 22, 1970, at approximately 6:30 p.m., the plaintiff Robert J. Fischer was operating an automobile owned by Jomar Auto Body, Inc., of which he was a shareholder, director, officer and employee. As plaintiff approached the intersection of Westgate and Hemp-stead Turnpike in Elmont, he saw a man lying in the center of Hempstead Turnpike. Plaintiff operated his vehicle through the intersection, parked it in an adjacent parking lot, removed the ignition key, and walked approximately 25 feet back to the injured man he had previously observed. While two other *193 persons undertook to watch out for oncoming traffic, the plaintiff, who is also a volunteer fireman, administered first aid to the injured pedestrian. As he started to walk toward a nearby “ firebox ” to summon further assistance, and after he had taken one step in that direction (which was further away from the vehicle he had been operating), plaintiff was himself ■struck by an unidentified automobile which, after striking him, continued on. -
The automobile which plaintiff was operating prior to this incident was owned by Jomar Auto Body, Inc., as already indicated, and was covered by a policy issued by the defendant -¡Etna. Concededly, the accident indemnification indorsement to the -¿Etna policy would apply to the plaintiff while *6 occupying ” the insured corporation’s vehicle in the event he sustained personal injuries occasioned by physical contact with a negligently operated “ hit and run ” vehicle. Conversely, if plaintiff were not “ occupying ” the insured vehicle at the time .of such an incident, his status would he that of a “ qualified ” person under subdivision b of section 601 of the Insurance Law and the defendant MVAIC would be required to pay or defend against his claim. The sole issue, therefore, and the parties have so stipulated, is whether under the circumstances set forth above plaintiff was “occupying” the insured vehicle at the time of the accident.
The -¿Etna policy defines “ occupying ” to mean “ in or upon or entering into or alighting from”. The defendant MVAIC contends that such language does not require physical presence in the automobile and that, in this case, the plaintiff’s close proximity to the vehicle and the fact that he left it in mid-trip, due to unexpected circumstances and with the intention to re-enter it shortly should lead the court to hold that he was, in fact “ occupying ” the insured vehicle at the time of the accident.
There are cases which have construed the definition of the term “ occupying ” used in the uninsured motorist indorsement as broad enough to cover claimants after they had gotten out of their vehicle. In Matter of MVAIC v. Oppedisano (41 Misc 2d 1029) the claimant’s vehicle had skidded off the road into high snow. He had gotten out for the purpose of freeing his vehicle from the snow when a “hit and run ” vehicle hit the claimánt’s automobile which, in turn, struck him. The court held that he was “ upon ” his vehicle and, therefore, occupying it at the time of the collision.
*194 In State-Wide Ins. Co. v. Murdock (31 A D 2d 978, affd. 25 N Y 2d 674) the claimant was a passenger in a truck which had stalled. It was held that he was ‘1 occupying ’ ’ the vehicle when he was struck by a “ hit and run ’ ’ driver after alighting from the truck and walking toward the front where the operator was attempting to start the engine.
Matter of Allstate Ins. Co. v. Flaumenbaum (62 Misc 2d 32) reached the same conclusion in the case of a passenger who had alighted from a taxicab and was struck by the open door of that cab, when it was struck by a “ hit and run ” vehicle while he was in the process of paying his fare.
The reasoning of these cases leads the court to conclude that, contrary to the results reached therein, the plaintiff in this action was not occupying the -¿Etna-insured vehicle at the time he was struck and injured. In each of the cited cases, the injured person’s activities outside the vehicle were closely related to his prior presence in it. The claimant was either attempting to resume his journey which was interrupted by unforeseen circumstances that forced an interruption in that journey (Matter of MVAIC v. Oppedisano, 41 Misc 2d 1029 supra; State-Wide Ins. Co. v. Murdock, supra) or he was completing the transaction that had placed him in the vehicle in the first place (Matter of Allstate Ins. Co. v. Flaumenbaum, supra).
Here, the plaintiff’s activities when he was struck were in no way related to the .¿Etna-insured vehicle. Had he been a pedestrian or a passenger in or operator of another vehicle passing that way, the activities that placed him in the path of the 6 6 hit and run ” driver would, doubtless, have still transpired. The only relation between the .¿Etna-insured vehicle and the accident was the fortuitous circumstance that he was riding in it when he observed the situation that prompted him to respond as a good Samaritan.
Accordingly, this court finds that plaintiff was not 1 ‘ occupying ’ ’ the .¿Etna-insured vehicle at the time of the accident involved herein. The judgment to be entered herein, without costs, shall declare that plaintiff has the right to proceed as a qualified person against the defendant MVAIC.
The court will not, however, grant the further request of plaintiff for an adjudication equivalent to an order under section 618 of the Insurance Law since it cannot be determined from the evidence before the court whether plaintiff has satisfied all of the conditions precedent set forth in that section.