■ MICHAEL DE CEGLIA, as Parent, Appellant, v JOSEPH GENTILE et al., Respondents.—In a negligence action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Suffolk County, entered September 9, 1975, which (1) granted defendants' motion to vacate a default judgment and (2) granted them leave to serve a notice of appearance, upon compliance with a stated condition. Order affirmed, without costs or disbursements, on the opinion of Mr. Justice Lazer at Special Term. Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.

■ EVEREADY INSURANCE COMPANY, Respondent, v RICHARD SCHWARTZ, as Father, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding to stay arbitration of a claim filed by the individual respondent under the "New York Automobile Accident Indemnification Endorsement" (the uninsured motorist endorsement) of an insurance policy issued by petitioner, the Motor Vehicle Accident Indemnification Corporation (MVAIC) appeals from an order of the Supreme Court, Nassau County, dated January 30, 1976, which directed that the arbitration be permanently stayed. Order affirmed, without costs or disbursements. Special Term properly determined that the infant, Jennifer Schwartz, did not qualify as an "insured" person under the uninsured motorist endorsement of petitioner's policy by reason of the fact that she was not the "named insured" thereunder, or a member of his family, and that she was not "occupying" any vehicle owned or operated by the named insured or his spouse (see Fischer v Aetna Ins. Co., 65 Misc 2d 191, affd 37 AD2d 917). The endorsement provides, in pertinent part, as follows: "Insuring Agreements * * * II. Definitions: (a) Insured. The unqualified word 'insured' means: (1) the named insured and, while residents of the same household, his spouse and the relative of either; (2) any other person while occupying (i) an automobile owned by the named insured or, if the named insured is an individual, such spouse and used by or with the permission of either, or (ii) any other automobile while being operated by the named insured or such spouse, except a person occupying an automobile not registered in the State of New York, while used as a public or livery conveyance; and (3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above." The named insured under petitioner's combination automobile policy was Branch Rentals, Inc., the owner lessor of the insured vehicle; Richard Schwartz, the infant's father, was the permissive user of its lessee, Omnico. Under these circumstances, Jennifer's status at the time of the hit-and-run accident was that of a "Qualified person" under subdivision b of section 601 of the Insurance Law, and her claim should have been filed with the MVAIC (see Insurance Law, § 600 et seq.; Matter of Rice v Allstate Ins. Co., 32 NY2d 6, 10; Matter of Knickerbocker Ins. Co. [Faison], 22 NY2d 554, 558, cert den 393 US 1055; Fischer v Aetna Ins. Co., 65 Misc 2d 191, 192–193, supra). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.