(647 P.2d 1355)

No. 53,332

FLORENCE ALBERTA MERRITT, *Appellant,* v. FARMERS INSURANCE CO., INC., *Appellee.*

Opinion filed July 15, 1982.

*B. David Roselli* and *Michael L. Hodges,* of Hodges and Roselli, of Overland Park, and *Lloyd Burke Bronston,* of Overland Park, for the appellant.

*Jeanne Gorman* and *Bill E. Fabian* of McAnany, Van Cleave and Phillips, P.A., of Kansas City, for the appellee.

Before SPENCER, P.J., PARKS, J., and RONALD D. INNES, District Judge Assigned.

INNES, J.: The plaintiff-appellant Florence Alberta Merritt was found by the trial court not to be an insured under the uninsured motorist provisions of a policy of insurance issued by the defendant-appellee Farmers Insurance Company, Inc., to plaintiff Yvonne JoAnne Simpson, who was the driver of an uninsured vehicle owned by appellant Merritt and in which Merritt was riding as a passenger. Appellant's petition was dismissed for

failure to state a claim for which relief could be granted, and this appeal followed.

This action was originally filed by Yvonne JoAnne Simpson against the defendant for injuries sustained as the result of the negligence of an uninsured motorist. This same case was reported earlier in *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, 592 P.2d 445 (1979). There, the Supreme Court held that actual physical contact between motor vehicles was not a prerequisite to bringing a suit for personal injuries under the uninsured motorist provisions of an automobile liability policy. Upon remand to the district court, Simpson was granted leave to amend her petition to include a count by a passenger, namely, appellant Merritt. Merritt then filed a motion for partial summary judgment pursuant to K.S.A. 60-256 on the issue of whether she was insured within the meaning of the defendant's policy on the date of the accident. That motion was submitted to the court based on the following stipulated facts:

"This action arises out of an automobile accident which occurred on December 12, 1976. The accident occurred when the car in which the plaintiff Merritt was riding as a passenger was forced into a ditch by an unidentified 'ghost' driver. Plaintiff Merritt was riding in an automobile owned by herself and her husband Robert Merritt. They owned no policy of liability insurance.

"Yvonne JoAnne Simpson was driving said vehicle with the permission of its owner. Yvonne JoAnne Simpson owned a policy of automobile insurance with Farmers Insurance Group. Said insurance policy provided benefits for injuries caused by the fault of an uninsured driver.

"The relevant portions of the Farmers Insurance policy are as follows:

'To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle . . . . (Part 2, Coverage C, Benefits for Bodily Injury Caused by Uninsured Motorist, page 2.)

' *"Insured"* means (1) the named insured or a relative, (2) any other person while occupying an insured motor vehicle, and (3) any person, with respect to damages he is entitled to recover because of bodily injury to which Part II applies sustained by an insured under (1) or (2) above. (Part 2, Coverage C, Benefits for Bodily Injury Caused by Uninsured Motorist, definitions, page 2.)

' *"Insured motor vehicle"* means (1) the described automobile provided the actual use thereof is by the named insured or by any other person with the permission of the named insured . . . . , (2) a non-owned automobile with permission of owner. (Part 2, Coverage C, Benefit for Bodily Injury Caused by Uninsured Motorist, definitions, page 2.)

' *"Non-owned automobile"* means an automobile not owned by or regularly or frequently used by the named insured or any resident of the same house-

hold, other than a substitute automobile. (Part 1, Coverages A & B, Liability Insurance, additional definitions, page 1.)

' "*Named Insured*" If the insured named in item 1 of the Declarations is an individual, the term "named insured" includes his spouse if a resident of the same household. (Part 1, Coverages A & B, Liability Insurance, Definition of Named Insured, page 1.)' "

On November 12, 1980, the trial court denied Merritt's motion for partial summary judgment, finding as follows:

"1. The controlling facts are uncontroverted and need not be repeated here.

"2. The issue is whether the uninsured motorist provisions of Yvonne Joanne Simpson's policy should apply to protect plaintiff, a passenger/owner of a non-owned and uninsured automobile from damages caused by the act of an uninsured motor vehicle operator.

"3. Ordinarily the uninsured motorist statutes cover any occupant or passenger of an insured automobile and policies which attempt to exclude passengers have been held invalid. But the purpose of the uninsured motorist law is to protect innocent persons who are damaged through the wrongful act of uninsured motorists who are not financially responsible.

"4. Here plaintiff, Florence Alberta Merritt violated K.S.A. 1979 Supp. 40-3104 of the Kansas Automobile Reparations Act which requires that:

'Every owner shall provide motor vehicle liability insurance coverage in accordance with the provisions of this act for every motor vehicle owned by him or her . . . .'

"Throughout the act sanctions are imposed for noncompliance with those standards.

"5. Plaintiff Merritt cannot be said to be an innocent person damaged by an uninsured motorist when she was in violation of the statute under which she claims.

"6. In [*Dreiling v. State Farm Mut. Auto. Ins. Co.*, 227 Kan. 851, 610 P.2d 611 (1980)] the Supreme Court refused to require the insurer of a motor vehicle to pay PIP benefits to an injured permissive user when said user was himself the owner of a motor vehicle in which liability was required to be maintained. There the issue was personal injury protection benefits but the rationale used by the court is applicable here.

"7. Plaintiff's motion for partial summary judgment should be and it hereby is overruled."

Thereafter, on November 21, 1980, plaintiff Merritt filed a motion requesting additional findings of fact pursuant to K.S.A. 60-252(*b*). In that motion, Merritt requested that the court make findings pursuant to K.S.A. 60-2102(*b*) so as to allow an immediate interlocutory appeal. The motion was denied by the court on March 23, 1981, and the case was set for pretrial conference.

At the pretrial conference it was announced to the court that the case of Yvonne JoAnne Simpson had been settled. This was reflected by a stipulation for dismissal filed with the court on May

19, 1981. On that same day the journal entry of the court's decision dismissing the action of Florence Alberta Merritt was filed with the court. The court therein concluded that the denial of the motion for partial summary judgment acted to invalidate Merritt's cause of action and therefore, said action should be dismissed for failure to state a claim for which relief could be granted. On June 1, 1981, Merritt filed her notice of appeal.

It should be noted that at no time did the defendant Farmers Insurance Company, Inc., file a cross-motion for summary judgment.

The scope of review for this action was stated in *Goforth v. Franklin Life Ins. Co.,* 202 Kan. 413, Syl. ¶ 1, 449 P.2d 477 (1969):

> "As a general rule, the construction and effect of a written contract of insurance is a matter of law to be determined by the court. If the facts upon which a beneficiary relies to recover on the policy are admitted, then it is for the court to decide whether they come within the terms of the policy  . . . ."

Here, the facts are undisputed and the question of coverage is one of law for this court.

The policy in question defines "insured" to include "any other person while occupying an insured motor vehicle." "Insured motor vehicle" is in turn defined to include "a non-owned automobile with permission of owner." The policy was issued to Simpson. It is undisputed that Simpson was driving the Merritt car (a "non-owned automobile") with the permission of Merritt, the owner. It is also undisputed that Merritt was occupying the car at the time of the accident. Defendant does not contend the language is ambiguous. The conclusion is unavoidable that Merritt was an "insured."

In issuing a policy of insurance, a company has a right of contract which permits the company to predetermine who is to be "the insured." *Farmers Ins. Co. v. Schiller,* 226 Kan. 155, 161-62, 597 P.2d 238 (1979); *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 451, 517 P.2d 173 (1973). In the present case, defendant has written its policy so as to define Merritt as an "insured." It has done so in language which is clear and unambiguous. When an insurance contract is not ambiguous, the court may not make another contract for the parties. Its function is to enforce the contract as made. *Mah v. United States Fire Ins. Co.,* 218 Kan. 583, 587, 545 P.2d 366 (1976); *Clark v. Prudential Ins. Co.,* 204 Kan. 487, 491, 464 P.2d 253 (1970).

Defendant nonetheless argues that because of public policy, Merritt should not be held to be an "insured" under the policy. This argument is grounded in the fact that Merritt, as owner, had not insured the car in which she and Simpson were riding. Thus, Merritt was herself an uninsured motorist and her noncompliance with the financial responsibility statutes should not be subsidized by allowing her to take advantage of Simpson's policy.

Defendant correctly points out that under the Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.,* Merritt was required to maintain motor vehicle liability insurance on the car in question. Various penalties, including loss of driving privileges and criminal prosecution, are provided in that act for failure to maintain the required insurance. Defendant also points to cases interpreting K.S.A. 40-284 requiring the offer of uninsured motorist coverage. See for example, *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442:

"The purpose of legislation mandating the offer of uninsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages." Syl. ¶ 1.

"As remedial legislation statutes mandating the offer of uninsured motorist coverage should be liberally construed to provide the intended protection." Syl. ¶ 2.

"The intent of the legislature in requiring the mandatory offering of uninsured motorist coverage was to insure that those insured under the contract of insurance would be protected generally against injuries caused by motorists who are uninsured and that such protection would complement the liability coverage." Syl. ¶ 3.

The trial court, in referring to this interpretation of K.S.A. 40-284, found Merritt not to be an "innocent person" who the legislature intended to protect by mandating uninsured motorist coverage. The trial court also relied on *Dreiling v. State Farm Mut. Auto. Ins. Co.,* 227 Kan. 851, 610 P.2d 611 (1980). In that case, the claimant was the owner of an uninsured automobile which was registered and bore license plates, although it was inoperable due to transmission difficulties. Claimant was injured while driving a borrowed automobile and sought to recover personal injury protection benefits under the policy issued to the owner of the borrowed car. The language of that policy is not

revealed in the opinion, and the sole issue appears to have been whether the claimant was excluded from coverage by the act. The relevant statute, K.S.A. 40-3109, provides in part:

"(a) A self-insurer or the insurer of the owner of a motor vehicle covered by a policy of motor vehicle liability insurance meeting the requirements of this act shall pay any personal injury protection benefits which are required to be provided by this act or in such owner's policy of motor vehicle liability insurance for any injury:

. . . .

"(4) sustained in this state by any other person while occupying such motor vehicle or, if a resident of this state, while not an occupant of such motor vehicle, if the injury is caused by physical contact with such motor vehicle and the injured person is not himself the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required under this act."

In *Dreiling,* the trial court had held insurance for the claimant's inoperable motor vehicle was not required under the act. The Supreme Court reversed, noting K.S.A. 40-3118 requires "the owner of each motor vehicle registered in this state shall maintain financial security continuously throughout the period of registration." The court then stated:

"Registration of motor vehicles and the maintenance of liability insurance thereon are inexorably bonded together by the act. By so doing the likelihood of abidance with the act is greatly increased, as the display of current license tags provides visual evidence of compliance, and the absence of license tags or the display of outdated tags on a vehicle does not often long go unnoticed.

. . . .

"Pursuant to K.S.A. 1979 Supp. 40-3118(a), plaintiff was required to maintain continuous insurance on his vehicle throughout each period of registration. This he did not do. K.S.A. 1979 Supp. 40-3109 excludes from PIP benefits those injured by vehicles of others who themselves own motor vehicles required to be insured by the act. This statute does not limit the exclusion to those who have insurance — it broadens it to those required to have insurance. Repeatedly, throughout the act, sanctions are imposed for noncompliance therewith. The result reached by the trial court and urged herein by plaintiff is wholly inconsistent with the act, as it would subsidize noncompliance. If plaintiff had complied with the act he would be entitled to PIP benefits from his own insurer — not the insurer of the Morgan vehicle. His failure to comply with the act cannot create PIP benefits coverage for him in the Morgan policy. To hold otherwise would be contrary to the purposes of the act and the provisions therein intended to assure compliance." 227 Kan. at 854-56.

*Dreiling* is clearly distinguishable from the situation presented here. That case involved a claim for PIP benefits where the applicable statute specifically excluded coverage for persons who fail to insure their own cars. The present case involves uninsured

motorist coverage where the statute applicable at the time authorized no such exclusion. Compare K.S.A. 40-284 (Weeks) and 40-284 (Ensley).

In *McNemee v. Farmers Insurance Group*, 228 Kan. 211, 612 P.2d 645 (1980), the court rejected an analogy between uninsured motorist and PIP coverage as to stacking. The PIP statutes authorized an exclusion for stacking, whereas the uninsured motorist statutes did not. The court stated:

"Uninsured motorist protection (K.S.A. 40-284) and PIP benefits are both mandated by the Kansas legislature, but nowhere in the uninsured motorist statute does the legislature grant any type of authorized exclusion prohibiting 'stacking.' This distinction is fundamental, crucial, and paramount when examining uninsured motorist case law and in considering the stacking of PIP benefits." 228 Kan. at 215.

The same distinction applies here. Moreover, as appellant points out, even if she had insured her car and thus been eligible for uninsured motorist coverage, the statute does not require the owner of an automobile to maintain such coverage.

It may be conceded, arguendo, that the legislature probably did not intend to require insurers to provide coverage to persons in appellant's position when it mandated uninsured motorist protection. The question in this case, however, is not legislative intent, but whether appellee by the language used in the policy has itself, nonetheless, provided such coverage. In this regard, appellee finds itself in the anomalous position of arguing the clear and unambiguous wording of its policy is against public policy. Insurance policies are ordinarily not invalidated by the violation of statutes intended to protect the insured or which do not directly affect the policy. 44 C.J.S., Insurance § 242. *Cf., Insurance Co. v. Evans*, 64 Kan. 770, 68 Pac. 623 (1902). Appellant admittedly violated K.S.A. 40-3101 *et seq.*, which required her to have insurance on her automobile. This fact, however, has no direct effect on the policy in question which was issued to Simpson, and which by clear language included appellant as an "insured." The function of this court is not, under the guise of public policy, to create another contract for the parties so as to relieve the insurer of a burden it clearly and voluntarily assumed. This court's function is to enforce the contract as made.

The judgment of the trial court dismissing the action of Florence Alberta Merritt is vacated, and this cause is remanded for further proceedings.