(704 P.2d 389)

No. 56,920

Timothy J. Sears, A Minor, by His Father and Next Friend, Thomas Sears, *Appellant,* v. Kevin T. Wilson, and Continental Casualty Company, *Appellee.*

Opinion filed August 1, 1985.

*Richard M. Blackwell,* of Blackwell & Blackwell, Chtd., of Salina, for the appellant.

*William T. Nichols,* of Marshall, Hawks, Hendrix, Schenk and Nichols, of Topeka, for the appellee.

Before Foth, C.J., Rees and Parks, JJ.

Foth, C.J.: The plaintiff Timothy Sears was injured when the vehicle in which he was a passenger struck a tree. The driver of the vehicle, Kevin Wilson, was uninsured. Plaintiff's father, with whom he lived at the time of the accident, had unlimited use of a car owned by the father's employer, Economics Laboratory, Inc. Defendant Continental Casualty Company had issued a liability policy on that car to the corporate employer containing an uninsured motorist clause. After receiving judgment against the tortfeasor Wilson, plaintiff sought to recover from Continental Casualty Company under the uninsured motorist provisions of the policy on his father's company car. The insurer moved for summary judgment, which the trial court granted after ruling that plaintiff was not provided coverage under the policy. Plaintiff appeals.

The question is whether the plaintiff was covered by the uninsured motorist clause of Continental's policy when riding in

a vehicle other than the ones insured by the policy. The parties have stipulated to the facts. The question thus becomes a question of law for this court to decide. *Merritt v. Farmers Ins. Co.*, 7 Kan. App. 2d 705, Syl. ¶ 1, 647 P.2d 1355 (1982). In deciding this question, this court must look to the provisions of the policy; if the terms of the policy are not ambiguous, the language used must be given its natural and ordinary meaning. *Central Security Mut. Ins. Co. v. DePinto*, 235 Kan. 331, Syl. ¶ 1, 681 P.2d 15 (1984); *Kansas Farm Bureau Ins. Co. v. Cool*, 205 Kan. 567, Syl. ¶ 2, 471 P.2d 352 (1970).

The policy issued by Continental lists only one named insured: Economics Laboratory, Inc. In the Words and Phrases section of the policy, which is a definitional section applicable to the entire policy, the following two definitions are provided: (1) " 'You' and 'your' mean the person or organization shown as the named *insured* . . . ." (2) " '*Insured*' means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance. . . .' "

The "WHO IS INSURED" section of the uninsured motorist endorsement provides that the following individuals are insured:

"1. *You* or any *family member*.
"2. Anyone else *occupying* a covered *auto* . . . ."

The uninsured motorist endorsement also defines "family member" as "a person related to *you* by blood, marriage or adoption who is a resident of *your* household, including a ward or foster child."

The policy thus provides two groups with uninsured motorist coverage. The "named insured" and "his" family are covered wherever they may be; all others are only covered while occupying a vehicle insured under the policy. The plaintiff was not injured while occupying an insured vehicle—had he been in his father's company car, an insured vehicle, he would have been covered. Furthermore, he is neither the "named insured" (the corporation), nor a member of the named insured's "family."

Because the named insured, a corporation, cannot have family, a household, or a spouse, the plaintiff argues that language in the uninsured motorist endorsement defining "insured" to include family of the named insured mandates a finding that certain employees of Economics Laboratory, Inc. also are "named in-

sureds" under the policy. Several jurisdictions have faced claims similar to the one asserted by the plaintiff here. They have uniformly rejected such claims.

In *General Ins. v. Icelandic Builders*, 24 Wash. App. 656, 604 P.2d 966 (1979), a closely held corporation operated by the Kristjanson family insured a vehicle. Timothy Kristjanson, whose father owned all of the Icelandic stock, was injured in an accident with an uninsured motorist. Timothy was driving his personal automobile when the accident occurred. He sought recovery under the corporation's insurance policy, contending that the corporation had no existence independent of the Kristjanson family. The Washington court rejected this argument, ruling that the corporation alone was the "named insured."

In *Pearcy v. Travelers Indem. Co.*, 429 So. 2d 1298 (Fla. Dist. App.), *rev. denied* 438 So. 2d 833 (Fla. 1983), a corporate vice-president sought uninsured motorist benefits under the corporation's policy for fatal injuries suffered by his son. The son, a corporate employee listed on the policy as an operator of the insured corporate vehicles, was killed while operating a non-covered vehicle. In rejecting the father's claim, the court held "that where an uninsured motorist policy issued to a corporation, in standard form language, includes as an insured any 'family member, related to [named insured] by blood, marriage or adoption who is a resident in [named insured's] household,' the language is a nullity, as the corporation can have no such relative." 429 So. 2d 1298.

In *Dixon v. Gunter*, 636 S.W.2d 437 (Tenn. App. 1982), a corporation, of which the decedent was the president and sole stockholder, insured its company vehicles. The decedent died when the noncovered vehicle he was riding in was struck by an uninsured motorist. The policy issued to the corporation provided uninsured motorist coverage to "your [sic] or any family member." The plaintiff argued that because a corporation may not be injured or have family, the court should look beyond the corporate structure and find the term "you" was intended to mean the decedent, the owner of all of the corporate stock. The court rejected this argument, ruled that the "family language" was a patent ambiguity, and discarded the language as surplusage.

Similar results were reached in *Testone v. Allstate Ins. Co.*,

165 Conn. 126, 328 A.2d 686 (1973); *Hogan v. Mayor & c. of Savannah,* 171 Ga. App. 671, 320 S.E.2d 555 (1984); *Polzin v. Phoenix of Hartford Ins. Co.,* 5 Ill. App. 3d 84, 283 N.E.2d 324 (1972); *Kaysen v. Federal Ins. Co.,* 268 N.W.2d 920 (Minn. 1978); *Eveready Ins. Co. v. Schwartz,* 54 App. Div. 2d 750, 387 N.Y.S.2d 713 (1976); *Insurance Company v. Perry, Adm'r,* 204 Va. 833, 134 S.E.2d 418 (1964). *Cf.* also *Hartford Accident and Indemnity Co. v. Huddleston,* 514 S.W.2d 676 (Ky. 1974) (finding insurance coverage for the son of a *partner* where the insured entity was the *partnership*); *O'Hanlon v. Hartford Acc. & Indem. Co.,* 639 F.2d 1019 (3d Cir. 1981) (finding insurance coverage for the son under a policy issued in the father's *trade name;* the court suggested the result might well be different if the insured entity had been a corporation).

The language the plaintiff relies on is standard insurance contract "boilerplate." There is no indication the corporate employer or its insurer intended this language to have any effect as applied to Economics Laboratory, Inc. We conclude, with the Florida court in *Pearcy,* that where an uninsured motorist policy issued to a corporation, in standard form language, includes as an insured any family member, related to the named insured by blood, marriage or adoption who is a resident in the named insured's household, the language is a nullity.

We further conclude that, in the absence of a clause expressly granting coverage to family members of an *employee* of a corporate named insured, such a family member is only covered by the corporation's uninsured motorist policy when occupying a vehicle covered by the policy.

Affirmed.