[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an arbitration matter in which the three-member panel rendered a majority award in favor of the defendant. The plaintiff moves to vacate the award and the defendant, by way of counterclaim, moves to confirm it. When the matter was first before this court, it was remanded to the arbitration panel for findings of fact. That has been accomplished and the parties are again before the court seeking the relief referred to above.
Under American Universal Ins. Co. v. DelGreco, 205 Conn. 178,191, this court must conduct a de novo review of the interpretation and application of the law by the arbitrators.
This plaintiff who was 21 years old at the time, was struck while a pedestrian by an underinsured motorist and received personal injuries. He now claims uninsured motorist compensation under an insurance policy issued by the defendant to Victor Ceci Refuse, Inc.
The plaintiff was employed by Victor Ceci Refuse, Inc. The stock of that corporation was entirely owned by the plaintiff's brother. The officers of the corporation were all family members. The plaintiff lived in the family home. The defendant insured five vehicles owned by the corporation, each under a separate liability and uninsured motorist premium.
The plaintiff claims that he was an insured under the uninsured motorist insurance endorsement of the policy that the defendant issued to Victor Ceci Refuse, Inc. when he, the plaintiff, was injured while a pedestrian on September 13, 1986. The defendant claims that the plaintiff is not entitled to underinsured coverage under the policy it issued to Victor Ceci Refuse, Inc.
The parties have stipulated that (1) the findings of fact made by the majority and the minority of the arbitration panel shall be full exhibits (2) the transcript of the proceedings before the arbitration panel shall be a full exhibit: and (3) the exhibits entered before the arbitration panel shall be a full exhibit marked Exhibit A.
The policy issued by the defendant to Victor Ceci Refuse, Inc. is entitled "Business Auto Policy." The policies of Royal Indemnity Company and Aetna Life and Surety Company, also involved in litigation arising out of plaintiff's accident but not relevant to the instant matter, are entitled "Automobile Insurance Plan Policy" and "Personal Auto Policy" respectively. Exhibit A (A, B and C) and Transcript pp. 21, 22.
A majority of the arbitration panel found that the plaintiff was not an insured under the defendant's policy insuring Victor CT Page 2119 Ceci Refuse, Inc. for the reasons that (1) the policy was not ambiguous; (2) Michael Ceci is not a "family member of the named insured," which is a corporation; and (3) Michael Ceci was not occupying a covered auto or a temporary substitute for a covered auto at the time of the accident. Exhibit B attached to application. The dissenting member of the panel filed a lengthy decision concluding that coverage must be allowed for the plaintiff because he is a family member and also an employee of Victor Ceci Refuse, Inc.
On remand from this court, the majority filed a finding in which it referred to Part I and to the uninsured motorist endorsement of the defendant's policy and found that at the time of the accident the plaintiff was not occupying any of the insured vehicles nor any other vehicle, that the plaintiff was not a named insured or designated insured and that the plaintiff was not a family member of the named insured, which was a corporation. The dissenting member of the panel also filed a finding.
The record discloses that the named insured on the policy issued by the defendant was Victor Ceci Refuse, Inc., a corporation incorporated in the state of Connecticut and in good standing. Exhibit A (H). That policy, Exhibit A (A), in Part I, A, entitled Word and Phrases with Special Meaning — Read them Carefully, defines "you" and "yours" to mean the person or organization shown as the named insured in Item One of the declarations. In the policy issued by the defendant the person or organization shown as the named insured in Item One of the declarations is "Victor Ceci Refuse, Inc."
In the uninsured motorist insurance portion of the policy, Section A is entitled "Words and Phrases with Special Meaning" and goes on to point out that ". . . the following words and phrases have special meaning for uninsured motorist insurance." (Emphasis in original). The section then defines "Family member" to mean a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child. The section also defines "occupying" as meaning "in, upon, getting in, on, out or off." (Emphasis added).
Section D of the same portion of the policy is entitled "Who is insured" and reads as follows: 1. You or any family member. 2. Anyone else occupying a covered auto or temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction. 3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.
Clearly, under the plain, unambiguous language of the CT Page 2120 policy, the named insured is Victor Ceci Refuse, Inc. and when the words "you" or "yours" are thereafter used in the policy they mean "Victor Ceci Refuse, Inc." It is admitted that the plaintiff was struck by a motorist named Queenan while crossing St. Nicholas Road in Bridgeport. (Letter demanding coverage attached to the application; Transcript, p. 26). Clearly the plaintiff was not occupying any of the named insured's automotive vehicles or any other motor vehicle at the time he was injured. Finally, since the named insured was a corporation, the possibility of the plaintiff being a family member of the named insured is ruled out. Plainly the plaintiff was not an insured under the policy of insurance issued to Victor Ceci Refuse, Inc.
The terms of the policy are clear and unambiguous. If the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted: but if they are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced must be accorded its natural and ordinary meaning and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties. Weingarten v. Allstate Ins. Co., 169 Conn. 502, 509, 510.
We note that the identical policy language was considered in American Hardware Mutual Insurance Company v. Ceravone, Superior Court, J.D. of New Haven, #267914 (Fracasse, J., 7/20/1990), and also found to be unambiguous. Beyond that, numerous jurisdictions have held that an individual cannot be a family member of a corporation. Hogan v. Mayor, etc. of Savannah,320 S.E.2d 555 (Ga. 1984); Polzin v. Phoenix of Hartford Ins. Co.,283 N.E.2d 324 (Ill. 1972); Sears by Sears v. Wilson, 704 P.2d 389
(Kan. 1985); Kaysem v. Federal Ins. Co., 268 N.W.2d 920
(Minn. 1978); Eveready Ins. Co. v. Schwartz, 387 N.Y.S.2d 713
(N.Y. 1976); Buckner v. Motor Vehicle Accident Indemnification Corp., 486 N.E.2d 810 (N.Y. 1985); Williams v. Florida Ins. Guaranty Assoc., 549 So.2d 253 (Fla. 1989); Continental Ins. Co. v. Velez, 520 N.Y.S.2d 824 (N.Y. 1987).
The plaintiff's application to vacate the arbitration award is denied.
The issues are found for the defendant on the counterclaim and judgment may enter confirming the arbitration award.
Harold M. Mulvey State Trial Referee CT Page 2121