791 P.2d 61

**Gregory HORNE, Plaintiff–Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant–Appellee.**

No. 18597.

Supreme Court of New Mexico.

April 25, 1990.

Rehearing Denied May 25, 1990.

OPINION

SOSA, Chief Justice.

Horne was rendered a paraplegic as a result of an injury sustained while driving an insured vehicle during the course of his employment for New Mexico Security Patrol, Inc. (NMSP). A negligent underinsured motorist caused Horne's injury. NMSP had insured five company vehicles with United States Fidelity & Guaranty Company (USF & G). Each vehicle had uninsured motorist coverage. The named insured was the company, NMSP, which was equivalent under the policy to "you," whenever that word was used in the policy. The policy was a business auto policy, but provided a rider for uninsured/underinsured motorist coverage that was worded for family and individual coverage.

USF & G paid Horne the policy limits of $60,000 for the uninsured coverage on the vehicle he was driving when injured, less the negligent driver's liability payment, but refused Horne's demand to stack coverage on the other four vehicles. It is undisputed that Horne's injuries exceed in dollar amount the sum total of $300,000, or the amount payable if Horne were permitted to stack uninsured motorist coverage for all five vehicles. After Horne failed to win the additional $240,000 through arbitration, he filed an action for declaratory judgment. The trial court found for USF & G.

In its findings and conclusions, the court ruled, *inter alia:* (1) that NMSP had purchased uninsured motorist coverage to protect employees such as Horne from negligent drivers who were uninsured/underinsured; (2) Horne was an insured under the policy for liability purposes; (3) for purposes of uninsured/underinsured motorist coverage, the uninsured rider provides that three classes of persons are insured, in the following language:

(i) You or any family member.

(ii) Anyone else occupying a covered auto * * * or a temporary substitute for a covered auto.

(iii) Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.

(4) Family member is defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child"; (5) the attachment of the family or individual rider to the business policy did not create an ambiguity as to whether Horne would qualify as a class-one insured; (6) because no ambiguity existed Horne clearly was excluded from class-one coverage and thus was unable to stack coverage.

On appeal, we disagree with the court's ruling on the question of ambiguity and thus reverse the court's judgment and remand the case with instructions to enter judgment in Horne's favor for $240,000.

### ARGUMENT ON APPEAL

USF & G's argument on appeal raises the classic logical fallacy of "begging the question." USF & G's reasoning is as follows: It is undisputed that under a business policy which names a corporation as the insured, an employee of the corporation is not a class-one insured for purposes of stacking uninsured motorist coverage. Horne is an employee. Therefore Horne may not stack coverage.

Our disagreement with this line of reasoning is as follows. If the rider in question had explicitly defined the extent of the uninsured coverage in a corporate insurance policy, then we would have no difficulty in reaching the same conclusion as did the trial court and which is urged upon us by USF & G. USF & G, however, in its own policy, in language that it had written, did not use language explicitly defining the extent of its coverage. Rather, it defined class-one insureds as: "You or any family member."

What does that language mean in the context of a business policy? That is the issue. To say that Horne is a class-two insured because he was an occupant of the vehicle is to beg the question, or to leap to a conclusion unmerited by the major premise of the argument. The place to start is with a discussion of whether Horne was a class-one insured or a class-two insured. We cannot presume *ab initio* from the wording of the rider, as the trial court and

USF & G have done, that Horne was not a class-one insured. To have made its position clear, USF & G explicitly could have excluded Horne by attaching a different rider to the policy, one in which the insurer stated that employees could avail themselves of uninsured motorist coverage only if they were occupants in an insured vehicle, that is, only if they were class-two insureds. If USF & G had done this, then Horne, as a class-two insured, under our prior holdings on this issue, justifiably would have been denied the right to stack coverage on the other four vehicles.

It is axiomatic in New Mexico insurance law that ambiguities in an insurance policy are to be construed against the insurer. *See Safeco Ins. Co. v. McKenna*, 90 N.M. 516, 565 P.2d 1033 (1977). Nor do we find it necessary to traverse once again the law on class-one and class-two insureds and the criteria used for assessing the availability of stacking to the former and not to the latter. Our recent decision in *Padilla v. Dairyland Insurance Co.*, 109 N.M. 555, 787 P.2d 835 (1990), aptly summarizes New Mexico law on these issues. The question before us here, an issue of first impression, is whether an employee otherwise insured under a business policy's uninsured motorist rider can stack benefits on other covered vehicles when class-one insureds under the policy are defined as: "you or any family member."

In holding that this language creates a patent ambiguity which must be construed against USF & G, we follow the reasoning of the Supreme Court of Ohio, which held, in a recent case involving, except for the question of stacking, the same issue:

> Because "you" and "your" refer to [the insured company] as a legal entity, the ordinary meaning of the phrase "[r]elatives living in your household" used in the policy is "manifestly absurd." However, in the context of the policy as a whole, the phrase "[r]elatives living in your household" may be interpreted as referring to all employees of [the company], as referring to designated drivers only, or as a nullity. Therefore, the

phrase is ambiguous and must be construed in favor of the insured.

*King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 212, 519 N.E.2d 1380, 1384 (1988) (citations omitted).

It seems clear that had *King* involved stacking, and had it been based on an interpretation of the three classes of insureds defined in the rider before us, the Ohio Supreme Court would have permitted stacking. Under our prior holdings on stacking, we now extend the rationale in *King* to the issue before us. We thus hold that Horne should have been permitted to stack coverage for the other four vehicles. *See Padilla,* 109 N.M. at 560–61, 787 P.2d at 840–41.

USF & G makes a worthy argument on appeal, but it argues for the wrong issue. It exhaustively has cited cases standing for the general proposition that an employee in Horne's situation may not stack coverage when the employee is a class-two insured. What USF & G fails to address is the question of whether, under the ambiguously worded rider here, Horne should be considered merely a class-two insured in the first place. A brief look at USF & G's cited cases makes this clear. For example, in *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), the court held:

> [R]esolution of the stacking issue is not disposed of by merely voiding the limitation of liability clauses. We must also decide whether a person who is insured only because he is an occupant in a vehicle insured under a fleet policy is entitled to stack coverages. We hold that he may not.

*Id.* at 337–38, 473 A.2d at 1010.

While the court in *Utica* reaches a different result than we do, we disagree with its framing of the issue. To our way of thinking the injured person is not insured "only because he is an occupant." To us the issue is *why* is he insured? Is it because he is an occupant, or is it because he is a "family member?" That is the issue which must be addressed, and because the rider in question gives rise to an ambiguity on that issue, we adopt the approach taken by the Ohio Supreme Court in *King* rather than that taken by the Pennsylvania Supreme Court in *Utica.*

We make the same observation regarding the other cases USF & G has cited. *See, e.g., Murphy v. Milbank Mut. Ins. Co.,* 388 N.W.2d 732, 738 (Minn.1986) ("Gary Murphy was an insured under Kemper's uninsured motorist coverage solely because he was an occupant of the truck involved in the accident."); *Travelers Ins. Co. v. Bartoszewicz,* 404 So.2d 1053, 1055 (Fla.1981) ("It is not unreasonable that the parties would declare the corporation the named insured without necessarily meaning to include the employees."); *Cano v. Travelers Ins. Co.,* 656 S.W.2d 266, 269 (Mo.1983) (en banc) ("[W]e see no reason why the parties should not have the power to contract for the limitations on uninsured motorist coverage as set out in the policy, as to a person who is insured only when occupying an insured vehicle.").

We agree with all the statements taken from the cases cited. We do not agree, however, that simply because there is a class-two insured who is covered because he/she is an occupant of the company's vehicle that an employee is necessarily a class-two insured. Especially, as here, where the insurer inserts in the policy a rider that defines class-one insureds as: "You or any family member," we think the first inquiry that must be made is whether the insured belongs, or arguably belongs, by reason of the clause's ambiguity, to class-one insureds as opposed to class-two insureds. Construing all such ambiguities against the insurer, we hold that Horne was a class-one insured and could stack coverage on the other four vehicles covered under the policy.

For the foregoing reasons this case is reversed and remanded to the trial court for judgment consistent with this opinion.

IT IS SO ORDERED.

BACA, J., and ALARID, Judge, Court of Appeals, sitting by designation, concur.

RANSOM, J., dissenting.

MONTGOMERY and WILSON, JJ., not participating.

RANSOM, Justice (dissenting).

I agree with the trial court that the inappropriate attachment of the family or individual rider to the business policy did not create an ambiguity as to whether an employee of the insured corporation would qualify as a family member, i.e., a household resident related by blood, marriage, or adoption. No argument is advanced that, aside from use of the term "family member," there is evidence or reason to believe the parties meant for employees to be class-one insureds.