**Adam BENNS, Plaintiff–Appellant,**

**v.**

**CONTINENTAL CASUALTY COMPANY, Defendant–Appellee.**

No. 91–2058.

United States Court of Appeals, Tenth Circuit.

Jan. 5, 1993.

Kevin J. Hanratty, Artesia, NM, for plaintiff-appellant.

Gerald G. Dixon (Kimberly A. Franklin with him on the brief) of Hatch, Beitler, Allen & Sheperd, P.A., Albuquerque, NM, for defendant-appellee.

Before McKAY, Chief Judge, GIBSON, Senior Circuit Judge,* and KELLY, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Adam Benns appeals the district court's entry of summary judgment in favor of Continental Casualty Company ("Continental") on his claims of breach of contract and bad faith refusal to pay insurance benefits. We affirm.

## I. BACKGROUND

In April 1988, Benns was injured in an automobile accident with an unknown driver; at the time, Benns was driving a vehicle owned by his employer. Benns owned a different vehicle, a Chevrolet Blazer, which was insured under a policy issued by Continental. The policy was issued to two companies owned by Benns' father: Benns Communication Corporation and WHYW Associates, Limited. Apparently, the Blazer was simply included on the policy along with the vehicles actually owned by the two corporations.

---

* The Honorable Floyd R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Part of the policy included a document entitled "New Mexico–Uninsured Motorists Coverage." In the upper right corner of the first page of this document appear the words "Commercial Auto." Part B of this document identified four classes of individuals that were insured:

1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

The quoted words and phrases were defined in other portions of the document and policy. Additionally, the word "you" was defined as the person or entity who was listed as the named insured; in this case, the named insureds were Benns Communication and WHYW Associates.

In early 1988, Benns requested and received a certificate of insurance from Continental. The certificate, which is intended to allow vehicle owners to comply with N.M.Stat.Ann. § 66–5–229(C) (1978),[1] identified the Blazer as the insured vehicle, Benns Communication Corp. and WHYW Associates, Ltd. as insured parties, and Adam Benns as the holder of the certificate. Located at the top of the certificate was the following statement: "This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below." The policy number of the policy issued to the two corporations was listed in the body of the certificate.

Benns recovered the maximum amount permitted under the uninsured motorist coverage in his employer's insurance policy. He then filed a claim with Continental to recover the balance of his medical expenses pursuant to the uninsured motorist provisions of the policy issued to his father's companies. Continental denied coverage on the ground that he was neither a named insured nor a family member of a named insured and because he was not driving a temporary substitute for an insured vehicle. Benns filed suit in federal court and, after some discovery had taken place, Continental moved for summary judgment. The district court initially granted the motion with respect to Continental's claim that Benns was neither a named insured nor a relative of a named insured; the court denied the motion with respect to Continental's claim that Benns was not driving a temporary substitute for an insured vehicle. After further briefing, the court granted Continental summary judgment on this latter point. Benns appeals the court's entry of summary judgment only insofar as the court ruled, as a matter of law, that Benns was neither a named insured nor a family member of a named insured.

## II. DISCUSSION

### A. Ambiguity

If an insurance contract is clear and unambiguous, there is no need for a court to construe its terms. *Gamboa v. Allstate Ins. Co.,* 104 N.M. 756, 726 P.2d 1386, 1389 (1986). Whether an insurance contract is ambiguous is a question of law to be determined by the court, *Richardson v. Farmers Ins. Co. of Ariz.,* 112 N.M. 73, 811 P.2d 571, 572 (1991), and, as with all legal questions, we conduct a *de novo* review of the district court's conclusions. In determining whether the insurance policy is ambiguous, we must focus upon the policy as a whole and are to conclude the policy "is ambiguous if it is reasonably and fairly susceptible of different constructions." *Knowles v. United Servs. Auto. Ass'n,* 113

1. This statute states that "[e]very owner or operator of a vehicle subject to the requirements of the Mandatory Financial Responsibility Act shall carry evidence of financial responsibility as defined by that act in the vehicle at all times while the vehicle is in operation on the highways of this state."

N.M. 703, 832 P.2d 394, 396 (1992) (internal quotations omitted); *see also Alvarez v. Southwestern Life Ins. Co.,* 86 N.M. 300, 523 P.2d 544, 546 (1974).

■ No reasonable interpretation of the policy's terms affords Benns any coverage under the uninsured motorist provision. Benns is not listed as a named insured; only his father's corporations are so listed. Therefore, he cannot be covered under the first category of insureds. The named insureds are not individuals, so the second category is not applicable under this policy. The car driven by Benns at the time of the accident, which belonged to his employer, was not covered under this policy, nor was it a temporary substitute for a covered vehicle. Finally, Benns' accident did not involve anyone insured under the policy. The clear and plain language of the policy does not afford Benns coverage for injuries suffered when he was driving his employer's car.

Benns offers two primary arguments to demonstrate the existence of ambiguity. First, he relies on the New Mexico Supreme court's decision in *Horne v. United States Fidelity & Guar. Co.,* 109 N.M. 786, 791 P.2d 61 (1990), and augments the holding of that case with affidavits in which he stated he believed his father had purchased insurance for him and that he never received a copy of the policy. In *Horne,* the policy in question contained a rider for uninsured and underinsured motorist coverage that contained coverage provisions similar to those involved in the present case. However, the first two categories in the instant policy were slightly different; they were combined into one category and purported to cover "[y]ou or any family member." *Id.* 791 P.2d at 61. The policy had been issued to Horne's employer, and the court determined the language was ambiguous because corporations do not have family members. In relying on a different case involving similar language, the court concluded

> "Because 'you' and 'your' refer to [the insured company] as a legal entity, the ordinary meaning of the phrase '[r]elatives living in your household' used in

the policy is 'manifestly absurd.' However, in the context of the policy as a whole, the phrase '[r]elatives in your household' may be interpreted as referring to all employees of [the company], as referring to designated drivers only, or as a nullity. Therefore, the phrase is ambiguous and must be construed in favor of the insured."

*Id.,* 791 P.2d at 62–63 (quoting *King v. Nationwide Ins. Co.,* 35 Ohio St.3d 208, 519 N.E.2d 1380, 1384 (1988) (citations omitted)).

*Horne*'s logic does not apply in this case. The root of the ambiguity in *Horne* (and *King,* upon which *Horne* relied) arose from the combination of terms specifically referring to non-individuals with terms that could apply only to individuals. In the case at bar, the terms that can apply only to individuals are not "forced" into combination with the terms referring to non-individuals. By its terms, the policy extends coverage to the insured's family members only if the named insured is an individual. The named insureds are not individuals, so the coverage term implicating family members simply is not triggered.

The distinctions between this case and *Horne* are not altered by Benns' subjective beliefs. Benns cannot seriously complain about not receiving a copy of the policy because he did not purchase the insurance, nor was he listed as an insured individual. Furthermore, Benns' unilateral beliefs about his father's actions cannot change the terms of an unambiguous contract to which he was not a party.

Benns' second argument relies upon the certificate of insurance. He contends the certificate creates an ambiguity because 1) the district court relied on the certificate to construe the policy, and 2) when the certificate and the policy are compared, ambiguities are created. Benns augments his latter contention by pointing to affidavits in which he averred that he believed the certificate indicated he was insured.

We reject Benns' first contention as unfounded. The district court did not use the certificate to interpret the meaning of the policy. The court only discussed the certif-

**464**

icate to the extent necessary to address Benns' contention that the certificate created an ambiguity.

We also reject Benns' contention that the certificate created an ambiguity. New Mexico courts focus on the terms of the policy, and because we have already concluded the terms of the policy are unambiguous, the certificate cannot form the basis for ambiguity. *Farmers Alliance Mut. Ins. Co. v. Bakke,* 619 F.2d 885, 888 (10th Cir.1980). Furthermore, nothing in the certificate gives rise to any ambiguity. The certificate identifies Benns as the certificate holder and his Blazer as the insured property, but does not identify Benns as the insured; consistent with the terms of the policy, the certificate identifies Benns Communication Corp. and WHYW Associates as the insureds. The statement at the top of the certificate specifically denies the extension of any rights upon the certificate holder, which the certificate identified as Benns. We hold that the clear language of the certificate disavows any extension of rights to Benns and accurately describes the policy. Therefore, no ambiguity can arise from the certificate's contents, Benns' subjective beliefs notwithstanding.

### B. Public Policy

New Mexico has required insurance companies to offer uninsured motorist coverage in order to provide its citizens an opportunity to protect themselves from losses that might otherwise go uncompensated. " 'In other words, the legislative purpose ... was to place the injured policy holder in the same position, with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance.' " *Chavez v. State Farm Mut. Auto. Ins. Co.,* 87 N.M. 327, 533 P.2d 100, 102 (1975) (quoting *Bartlett v. Nationwide Mut. Ins. Co.,* 33 Ohio St.2d 50, 294 N.E.2d 665, 666 (1973)). Benns correctly notes that this legislative purpose has served as a guiding force in many decisions from the New Mexico courts; however, we discern nothing inimical to the state's public policy in applying the policy as written. Benns was not an insured individual; his father's corporations were the insured entities.

The policy in question granted coverage to the insured entities and over the insured vehicles in a manner that was otherwise consistent with New Mexico law and policy. In obtaining insurance for his car in this manner instead of taking out a policy in his own name, Benns saved himself money—but in paying less money, he obtained less coverage than if he was a named insured. Benns made an economic decision, and he cannot ask the state's public policy to override the clear terms of an otherwise acceptable policy in order to protect himself from the adverse effects of that economic decision.

### III. CONCLUSION

The insurance policy is clear and unambiguous; by its terms, the uninsured motorist provisions do not cover Benns when he is driving a vehicle other than one specifically identified in the policy. The district court correctly entered summary judgment in favor of Continental and we AFFIRM.