846 P.2d 1066

**Armando and Rebecca HERRERA, Parents and Next Friends of Amanda Herrera, a Minor, Plaintiffs–Appellants,**

v.

**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, a New Mexico corporation, Defendant–Appellee.**

No. 20680.

Supreme Court of New Mexico.

Jan. 20, 1993.

Flinn Wold Attorneys, Alexander A. Wold, Jr., Albuquerque, for plaintiffs-appellants.

Modrall, Sperling, Roehl, Harris and Sisk, Geoffrey D. Rieder, Albuquerque, for defendant-appellee.

## OPINION

RANSOM, Chief Justice.

Amanda Herrera was injured in an automobile accident while occupying a motor vehicle owned by her parents and operated by her mother. Amanda's parents, Armando and Rebecca Herrera, brought suit as Amanda's next friend against Mountain States Mutual Casualty Company to recover uninsured motorist benefits under a policy purchased by Armando's employer, Rader Awning and Upholstering, Inc. Rader was the named insured in the policy. The schedule of automobiles and coverages contained in the Mountain States policy listed four company trucks, and the Herreras sought to stack the uninsured motorist coverage under each of those four vehicles. Recovery, therefore, was dependent upon Amanda being a class-one insured. *See Gamboa v. Allstate Ins. Co.*, 104 N.M. 756, 758, 726 P.2d 1386, 1388 (1986) (class-one coverage not limited to occupancy of insured vehicle).

The Herreras asserted that, since the named insured as stated in the policy was a corporation, each of the thirty-two employ-ees of the corporation was necessarily a named insured for bodily injury coverage and that, since Amanda was a resident of the household of her named insured father, she also was a class-one insured. "Insured means: (1) the named insured as stated in the policy [e.g., Armando Herrera as an employee of the named insured] and, while residents of the same household, the spouse of any such named insured and relatives of either * * *." The trial court disagreed and entered judgment declaring that Amanda was not an insured. She appeals. We affirm.

◼ *Horne not controlling.* The Herreras argue that their case is controlled by *Horne v. United States Fidelity & Guaranty Co.*, 109 N.M. 786, 791 P.2d 61 (1990). The insurance policy at issue in *Horne* defined class-one insureds as "You or any family member." The named insured was a corporation, New Mexico Security Patrol, Inc., which was equivalent under the policy to "you." Because the rider for uninsured/underinsured motorist coverage was worded for family and individual coverage, the majority in *Horne* found the definition of class-one insureds to be ambiguous. Construing the ambiguity against the insurer, a majority of this Court held that Horne, as an employee of New Mexico Security Patrol, Inc., was included within the definition of "You or any family member." The Herreras argue that employee Horne was included within the term "you" and that, on the same rationale relied upon by the Court in *Horne*, Armando Herrera should be included within the terms "named insured as stated in the policy" because of his employment status with Rader. Therefore, argue the Herreras, Amanda was also a class-one insured as defined in the policy: "the named insured as stated in the policy [i.e., her father] and, while residents of the same household, the spouse of any such named insured and relatives of either [i.e., Amanda]."

The Herreras' argument fails, however, because in *Horne* the resolution of the ambiguity was not that employee Horne was included within the meaning of "you"; rather, it was that Horne was included

within the meaning of "any family member." In *Horne*, this Court specifically followed the reasoning in an Ohio case that held that "you" referred to the insured company as a legal entity, and that the phrase "relatives living in your household" referred to employees of the company. *Id.* at 787, 791 P.2d at 63. The issue in *Horne* was whether the employee was only a class-two insured because he was an occupant of a company vehicle or a class-one insured because he was a "family member." *Id.* at 788, 791 P.2d at 64. We decline to extend the rationale of *Horne* to define a named corporate insured as including the employees, and consequently we will not include Armando Herrera within the meaning of "named insured as stated in the policy." The ambiguity present in *Horne* is not present here. Since Armando was not the named insured and Amanda consequently was not a relative of a named insured, and since Amanda was not an employee (which under *Horne* would have classified her as a "family member"), Amanda is not a class-one insured. Because she was not occupying a covered vehicle, she also was not a class-two insured. Therefore, Amanda was not covered under the Mountain States policy.

■ *Intent of the parties.* This case was decided on its merits under stipulated facts. The trial court did not enter findings of fact and conclusions of law, but since the Herreras requested no findings of fact and conclusions of law, they cannot be heard to complain. *See* SCRA 1986, 1-052(B)(1)(f) (Repl.Pamp. 1992) (party waives specific findings of fact and conclusions of law if that party fails to make a general request therefor in writing or fails to tender specific findings and conclusions). Specifically, the trial court found no ambiguity in this commercial policy. The parties stipulated that neither the principal purchasing the policy for Rader nor the insurer had the purpose or intention to provide uninsured motorist coverage to Rader employee family members occupying a non-listed vehicle. Rader's principal intended to buy uninsured motorist coverage only for people occupying listed business vehicles. On these facts, the trial court reasonably could have determined the parties unambiguously meant that only the corporation was the "named insured as stated in the policy." We will attribute any reasonable meaning to the underlying facts as may support the judgment of the trial court. We will not construe the policy against the insurer in the face of evidence as to the intention of the parties that supports the judgment of the trial court. *See Crawford Chevrolet v. National Hole–In–One Assoc.,* 113 N.M. 519, 521, 828 P.2d 952, 954 (1992) (the general rule that ambiguous language should be construed strictly against an insurer is a rule of construction not to be used if evidence of the intention of the parties exists); *Atlas Assurance Co. v. General Builders,* 93 N.M. 398, 401, 600 P.2d 850, 853 (Ct. App.1979) (third persons not parties to a contract of insurance usually not entitled to a construction in their favor).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

BACA and FRANCHINI, JJ., concur.