**ALLSTATE INDEMNITY COMPANY,**
**Plaintiff,**

v.

**Maxine B. GONZALES,**
**et al., Defendants.**

**No. CIV–08–0318 LAM/LFG.**

United States District Court,
D. New Mexico.

Sept. 19, 2008.

Jennifer A. Noya, Modrall Sperling Roehl Harris & Sisk PA, Albuquerque, NM, for Plaintiff.

*MEMORANDUM OPINION AND OR-
DER GRANTING PLAINTIFF ALL-
STATE'S MOTION FOR SUMMARY
JUDGMENT (Doc. 27)*

LOURDES A. MARTINEZ, United
States Magistrate Judge.

**THIS MATTER** is before the Court on
*Plaintiff Allstate's Motion for Summary
Judgment (Doc. 27)*, filed on June 27,
2008. Plaintiff also filed *Allstate's Memo-
randum in Support of Motion for Sum-
mary Judgment (Doc. 28)* (hereinafter
"*Memorandum in Support*") on June 27,
2008. Defendants filed *Defendants' Re-
sponse to Plaintiff Allstate's Motion for
Summary Judgment (Doc. 31)* (hereinaf-
ter "*Response*") on July 14, 2008, and
Plaintiff filed *Allstate's Reply in Support
of Motion for Summary Judgment (Doc.
33)* (hereinafter "*Reply*") on July 28, 2008,
and *Notice of Completion of Briefing
(Doc. 34)* on July 28, 2008. The under-
signed United States Magistrate Judge,
acting upon consent and designation pur-
suant to 28 U.S.C. § 636(c) and Fed.

R.Civ.P. 73(b), and having considered the
record, relevant law, and being otherwise
fully advised, **FINDS**, for the reasons set
forth below, that *Plaintiff Allstate's Mo-
tion for Summary Judgment (Doc. 27)* is
well-taken and should be **GRANTED** and
declaratory judgment shall be entered in
favor of Plaintiff.

## I. BACKGROUND

The facts of this case are undisputed.
This case arises out of the death of Paul
Gonzales in a car accident with an underin-
sured motorist in November 2006.[1] Plain-
tiff issued a business auto policy (hereinaf-
ter "Policy") to Alternative Home Health
Care, Inc. (hereinafter "Alternative"), and
this policy was in effect at the time of the
accident.[2] At the time of his death, Mr.
Gonzales was "an officer, director, share-
holder/owner and employee in a manageri-
al capacity of Gonzales Family, Inc."[3] The
Policy does not name Paul Gonzales or any
other individuals as insureds.[4] The Policy
lists only a Ford F100 truck as a covered
automobile.[5] At the time of the accident,

---

1. *See Memorandum in Support (Doc. 28)* at 3,
Undisputed Fact (hereinafter "UF") 7 (admit-
ted in *Response (Doc. 31)* at 3). The Court
notes that under New Mexico law, "underin-
sured motorist" status occurs "when the ag-
gregate of the insured's uninsured motorist
coverage is greater than the tortfeasor's liabil-
ity coverage." *Morro v. Farmers Ins. Group*,
106 N.M. 669, 672, 748 P.2d 512, 515 (1988);
*see also* NMSA 1978, § 66–5–301(B). This
coverage must be included in the uninsured
motorist coverage in the insured's policy. *See*
NMSA 1978, § 66–5–301(B).

2. *See Memorandum in Support (Doc. 28)* at
1–2, UF 1. Defendants state that they admit
that Plaintiff issued the policy to Alternative,
but they state that Alternative "was merely a
'd/b/a/' or trade name for Gonzales Family,
Inc." *See Response (Doc. 31)* at 3. This fact
appears to be undisputed by Plaintiff.

3. *See Response (Doc. 31)* at 3, UF 10–11.

4. *See Memorandum in Support (Doc. 28)* at 2,
UF 2 (admitted in *Response (Doc. 31)* at 3).

5. *See Memorandum in Support (Doc. 28)* at 2,
UF 3 (admitted in *Response (Doc. 31)* at 3);
*see also Memorandum in Support (Doc. 28–2)*
at Exhibit A at CM–ECF pages 3, 4 and 20 of
32 (all references so designated are to the
electronic page numbers listed in the PDF
header at the top of each document in the
CM–ECF docket). The "Schedule of Coverag-
es and Covered Autos" at CM–ECF page 3 of
32 states that "Covered Autos" are designated
by "one or more of the symbols from the
Covered Autos Section of the Business Auto
Coverage Form," and contains the symbol 07
for Uninsured Motorists coverage. The
"Business Auto Coverage Form" at CM–ECF
page 20 of 32, states that symbol 7 designates
"[O]nly those 'autos' described in Item Three
of the Declarations for which a premium
charge is shown." Item Three of the Declara-
tions, at CM–ECF page 4 of 32, lists only a

Mr. Gonzales was driving a 2004 Honda Odyssey minivan "with his family on their way home from a family outing," and this vehicle "was not listed as a covered automobile under the business policy" issued by Allstate.[6] In addition, Defendants state that it was the expectation of Gonzales Family, Inc., in procuring the business policy, "that [Mr. Gonzales] would be the primary insured under that policy."[7]

Plaintiff asks the Court to enter a declaratory judgment that "Defendants are not entitled to insurance benefits under the business automobile policy issued to Alternative."[8] Plaintiff states that Mr. Gonzales is not an insured under the Policy because he is not listed in the Policy and he was not driving the vehicle covered by the Policy at the time of the accident.[9] Plaintiff relies on *Rehders v. Allstate Ins. Co.*, 139 N.M. 536, 547, 135 P.3d 237, 248 (N.M.Ct.App.2006), *cert. granted*, 139 N.M. 568, 136 P.3d 569 (2006), *app. dismissed* (Feb. 13, 2007), and *Herrera v. Mountain States Mut. Cas. Co.*, 115 N.M. 57, 58, 846 P.2d 1066, 1067 (1993), for rejecting coverage for drivers who were not in vehicles insured by the corporations at the time of the accidents in each of those cases.[10]

In response, Defendants state that the Policy violates public policy and New Mexico law because uninsured motorist coverage must follow the insured, not a particular vehicle, and that "[uninsured motorist] coverage for [Mr.] Gonzales must be read into the [P]olicy."[11] Defendants contend that an exception to compulsory uninsured motorist coverage in New Mexico requires a written rejection of that coverage by the insured, which did not happen here.[12] Defendants distinguish the *Rehders* case because the policy in that case defined "insured" as a class of individuals, unlike the situation here and, therefore, coverage under that policy "could follow [those individuals] no matter where they were or whether they were in a covered auto."[13] Finally, Defendants state that the Policy at issue here is ambiguous because it names the insured as a corporate entity, but states that the corporate entity has only one employee despite the fat that Plaintiff's agent who sold this policy to Defendants has knows the Gonzales family for a log time and knew Alternative had many employees.[14] Thus, Defendants contend that the Court should consider the reasonable expectation of the insured, which is that Mr. Gonzales is an "insured" under the Policy.[15]

In its ***Reply,*** Plaintiff states that: (1) the Policy clearly defines "insureds" as anyone occupying a covered auto (*see **Reply** (Doc. 33)* at 4); (2) the fact that the Policy states that the company only has one employee does not establish ambiguity in the Policy (*id.* at 5); (3) there is not an

"Ford Truck F100 Serie[s]" as a covered auto.

**6.** See ***Memorandum in Support (Doc. 28)*** at 3, UF 8, 9 (admitted in ***Response (Doc. 31)*** at 3).

**7.** See ***Response (Doc. 31)*** at 4, UF 13.

**8.** See ***Plaintiff Allstate's Motion for Summary Judgment (Doc. 27)*** at 1.

**9.** See ***Memorandum in Support (Doc. 28)*** at 5.

**10.** *Id.* at 6.

**11.** See ***Response (Doc. 31)*** at 5, 6.

**12.** *Id.* at 8.

**13.** *Id.* at 9–10.

**14.** *Id.* at 11.

**15.** *Id.* at 12.

issue of fact regarding Alternative's reasonable expectations because the Policy provides coverage for Mr. Gonzales when he was using the covered vehicle (*id.* at 8); and (4) public policy does not compel a different result because New Mexico's uninsured motorist statute "does not mandate coverage for every uncompensated situation" and New Mexico courts have denied uninsured or underinsured motorist coverage under policies that similarly only cover people occupying certain covered vehicles (*id.* at 10).

## II. STANDARD

"Summary judgment is appropriate only if there is no genuine issue as to any material fact and the [moving party] is entitled to judgment as a matter of law." *See Santana v. City and County of Denver*, 488 F.3d 860, 864 (10th Cir.2007) (citing Fed.R.Civ.P. 56(c)). The Court must "examine the factual record and draw reasonable inferences therefrom in a light most favorable to the nonmoving party." *See Munoz v. St. Mary–Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir.2000) (citation omitted). Summary judgment is proper "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *See Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

Because the Court's jurisdiction over this case is based on diversity of citizenship, the law governing the cause of action is the law that would be applied if the case had been brought in New Mexico state court. *See Butt v. Bank of America, N.A.*, 477 F.3d 1171, 1179 (10th Cir.2007) ("When exercising diversity jurisdiction, we apply state law with the objective of obtaining the result that would be reached

in state court.") (citation omitted). "Where no controlling state decision exists, the federal court must attempt to predict what the state's highest court would do." *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 666 (10th Cir.2007) (citation omitted).

## III. ANALYSIS

■ "To qualify as an 'insured' under a policy of insurance, a party must either be a 'named insured' (Class I) or establish that they were a driver or occupant of a covered vehicle involved in the accident (Class II)." *Archunde v. Int'l Surplus Lines Ins. Co.*, 120 N.M. 724, 727, 905 P.2d 1128, 1132 (N.M.Ct.App.1995) (citing *Herrera v. Mountain States Mut. Cas. Co.*, 115 N.M. 57, 58, 846 P.2d 1066, 1067 (1993)). Based on the express language of the Policy at issue, Mr. Gonzales is neither a Class I nor a Class II "insured." The Policy clearly states that the "Named Insured" is "Alternative Home Health Care" which is a "Corporation." *See **Memorandum in Support** (Doc. 28–2)* at Exhibit A at CM–ECF page 2 of 32. The policy states that if the Named Insured is a corporation, then an "insured" under the policy is: "Anyone 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'." *See **Memorandum in Support** (Doc. 28–3)* at Exhibit B at CM–ECF page 2 of 4. Thus, Mr. Gonzales is not a "named insured," or a Class I insured, under the Policy, and, since he was not driving a covered vehicle in the accident, he is also not a Class II insured.

■ The Court does not find that the Policy here violates public policy or New Mexico law so that coverage for Mr. Gonzales must be read into the Policy. New Mexico courts have denied automobile insurance coverage to people who are not "named insureds" under the clear lan-

guage of the policies. *See Herrera v. Mountain States Mut. Cas. Co.*, 115 N.M. 57, 59, 846 P.2d 1066, 1068 (1993) (declining to extend the definition of "insured" to employees of the corporation named as the insured, and thus declining uninsured motorist coverage under the corporation's auto insurance policy for an employee's daughter who was injured in an accident involving an employee's vehicle); *Rehders v. Allstate Ins. Co.*, 139 N.M. 536, 543, 135 P.3d 237, 244 (N.M.App.2006) (holding that the son of the owners of corporation was not entitled to uninsured motorist coverage because he was not a "named insured" under the corporation's auto policy); *Archunde*, 120 N.M. at 725–27, 905 P.2d at 1129–32 (holding that a school bus driver was not entitled to uninsured motorist coverage because she was not an "insured" under school bus company's policy).

The cases Defendants rely on to argue that coverage must follow the insured, not a particular vehicle, actually support the Court's holding because all of those cases held that only the plaintiffs who were "named insureds" under the policies at issue, or plaintiffs who were injured while occupying covered vehicles, were covered under the policies' uninsured motorist coverage. *See Rodriguez v. Windsor Ins. Co.*, 118 N.M. 127, 128–33, 879 P.2d 759, 760–65 (1994) (holding that plaintiff who was a "named insured" was entitled to stacking of uninsured motorist coverage); *Lopez v. Foundation Reserve Ins. Co.*, 98 N.M. 166, 170–72, 646 P.2d 1230, 1234–36 (1982) (holding that uninsured motorist coverage covered "named insured" and passenger in covered automobile, but stating that "uninsured motorist coverage of passengers who are not named insureds applies only to passengers injured while occupying an insured vehicle"); *Chavez v. State Farm Mutual Auto. Ins. Co.*, 87 N.M. 327, 327–

28, 533 P.2d 100, 100–01 (1975) (holding that a named insured was entitled to uninsured motorist coverage even though he was occupying an uninsured vehicle at the time of the accident). The Court finds nothing in New Mexico law that would require it to extend uninsured motorist coverage to Mr. Gonzales where he was neither a named insured nor was he injured while occupying a covered vehicle, even though he was an officer, director, shareholder/owner and employee of the named corporation. *See Herrera*, 115 N.M. at 59, 846 P.2d at 1068 ("We decline to . . . define a named corporate insured as including the employees [of that corporation].").

■■■ The Court also rejects Defendants' contention that Plaintiff cannot limit coverage to the covered auto under the Policy because Alternative did not reject uninsured motorist coverage. *See Response (Doc. 31)* at 8. The Court finds no merit to this argument because Plaintiff is not attempting to limit coverage to the "covered auto"—it is simply stating that coverage is limited to those that are defined as "insured" under the Policy, which, as explained above, is allowed under New Mexico law. Finally, the Court also rejects Defendants' claim that the policy is ambiguous and that the reasonable expectations of the insured should be considered. New Mexico law allows courts to "consider extrinsic evidence in determining whether an ambiguity exists in the first instance, or to resolve any ambiguities that a court may discover." *Ponder v. State Farm Mut. Auto. Ins. Co.*, 129 N.M. 698, 703, 12 P.3d 960, 965 (2000). However, "a party's statements of unilateral, subjective intent, without more, are insufficient to establish ambiguity in light of clear contract language." *Id.* The Court finds that the Policy is not ambiguous because it clearly defines "insureds" as people " 'occupying' a covered 'auto,' " (*see Memoran-*

*dum in Support (Doc. 28–3)* at Exhibit B at CM–ECF page 2 of 4), and states that "coverages will apply only to those 'autos' shown as covered 'autos'" (*see Memorandum in Support (Doc. 28–2)* at Exhibit A at CM–ECF page 3 of 32). Thus, the policy unambiguously provides coverage for the covered vehicle and for anyone who may be injured while occupying the covered vehicle. The Court does not find that naming one employee in the Policy, when the corporation actually has 70, or that Gonzales Family, Inc. expected that Mr. Gonzales would be the primary insured under the Policy, creates an ambiguity in light of the Policy's clear language, because those facts are not inconsistent with the Policy's language. If Gonzales Family, Inc.'s intention in procuring the Policy was to primarily cover Mr. Gonzales, that expectation was met by the terms of the Policy because it covered the truck that Mr. Gonzales owned and "used primarily, and almost exclusively." *See Response (Doc. 31–2)* at 2. The Court, therefore, finds that the Policy is clear and unambiguous, and that Mr. Gonzales was not an "insured" under the Policy in this case.

## IV. CONCLUSION

The Court has determined that Plaintiff is entitled to judgment as a matter of law based on the undisputed facts of the case and viewing the facts in the light most favorable to Defendants.

**IT IS THEREFORE ORDERED** that *Plaintiff Allstate's Motion for Summary Judgment (Doc. 27)* is **GRANTED.** The Court declares that Defendants are not entitled to insurance benefits under the business automobile policy issued to Alternative Home Health Care, Inc.

**IT IS SO ORDERED.**